being thrown from a moving street car, the question as to whether the speed of the car at the time of the accident was excessive is for the jury, where the evidence in regard thereto is conflicting.

3. CARRIERS, § 480*—*when question as to due care of passenger is for jury.* In an action for personal injuries through being thrown from a moving street car, the question as to whether plaintiff was exercising due care is for the jury, where the evidence in regard thereto is conflicting.

4. DAMAGES, § 114*—*when verdict for personal injuries is excessive.* In an action for personal injuries, where the physical injuries testified to consisted mainly of bruises on various parts of the body without any breaking of bones, a cut over the eye requiring six stitches, one on the chin requiring one stitch, an injury to the right arm and right knee, a broken tooth, pains in various parts of the body, a threatened abortion, which was, however, successfully averted, and scars, not described as serious, and plaintiff was confined to her bed and under medical attention for about five or six weeks, and the evidence further tends to show that plaintiff attempted to enhance her damages in her testimony as to the value and loss of her services, judgment on a verdict for plaintiff for $2,000 will not be affirmed save on a remittitur of $500.

---

### Edna Anderson, Appellee, v. E. Stanton Anderson, Appellant.

### Gen. No. 22,399.     (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. GEORGE KERSTEN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1917. Reversed. Opinion filed May 29, 1917.

### Statement of the Case.

Bill for divorce by Edna Anderson, complainant, against E. Stanton Anderson, defendant. From an order committing defendant for contempt of court for refusal to pay $1,075 alimony entered therein, defendant appeals.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

LESLIE H. WHIPP, for appellant.

LLOYD D. HETH, for appellee.

MR. PRESIDING JUSTICE BARNES delivered the opinion of the court.

## Abstract of the Decision.

DIVORCE, § 122*—*when order committing defendant for contempt of court for refusal to pay alimony will be reversed.* Even though the record on appeal from an order committing a defendant for contempt of court in refusing to pay alimony fails to show that there was any petition or affidavit to support the rule to show cause and the failure to appear, in conformity with the usual practice, such irregularities are not ground for reversal if defendant was given an opportunity to appear and purge himself and evidence was heard to support the findings recited in the order of commitment, but where the record shows nothing whereon to predicate the order save the rule, the appearance and an undisposed of motion to quash the same, and further shows that defendant was discharged on his answer to another rule a few days before which set up facts tending to show that no alimony was due at that time, judgment on an order of commitment for the nonpayment of $1,075 will be reversed, where the decree allowed only $100 a month.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.